James E. Doroshow (SBN 112920)
　　jdoroshow@foxrothschild.com
Ashe Puri (SBN 297814)
　　apuri@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone:　310-598-4150
Facsimile:　310-556-9828

Attorneys for Defendants,
THE TAUNTON PRESS, INC., ROBERT NIELSON, AND JOSEPH MCDONALD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBCONVERSIONS LLC, a California Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE TAUNTON PRESS, INC., a Connecticut corporation; ROBERT NEILSON, an individual; J. MCDONALD, an individual; DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: 5:15-CV-05305-ODW-AGR<br><br>Hon. Judge Otis D. Wright, II<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS THE TAUNTON PRESS, INC., ROBERT NIELSON AND JOSEPH MCDONALD**<br><br>**DEMAND FOR JURY TRIAL** |

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

ACTIVE 31318733v1 08/28/2015　　　　1

For their Answer and Affirmative Defenses to Plaintiff VBConversions LLC's ("Plaintiff" or "VBC") Complaint, the Defendants, The Taunton Press, Inc. ("Taunton"), Robert Nielson (in his capacity as an employee of Taunton) ("Nielson") and Joseph McDonald (in his capacity as an employee of Taunton) ("McDonald") (collectively, "Defendants"), by and through their attorneys, allege and respond as follows:

## JURISDICTION

1. The allegations contain in Paragraph 1 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Plaintiff purports to allege claims against them under the referenced federal statutes, but deny that there is any merit to any of Plaintiff's claims under these statutes or otherwise. Defendants lack sufficient knowledge or information as to which "licensing agreement" Plaintiff is referring to and, on that basis, deny that they each affirmed the provisions of "a licensing agreement" agreeing to the personal jurisdiction of courts in the State of California. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 1 of the Complaint.

2. Defendants admit that Plaintiff claims venue is proper in this district under the referenced statutes, but lack sufficient knowledge or information as to which "licensing agreement" Plaintiff is referring to and, on that basis, deny that they each affirmed a Forum Selection Clause in "a licensing agreement" agreeing to venue in this district. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 2 of the Complaint.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, deny such allegations.

///

///

4. Defendants admit that Taunton is a Connecticut corporation with its principal place of business located in Newtown, Connecticut. Taunton admits that it is a publisher of periodicals, books, and websites for the hobbyist and building trades. Defendants deny the remaining allegations of Paragraph 4 of the Complaint.

5. Defendants admit that Nielson was an employee of Taunton in 2010 and is currently employed by Taunton. The remaining allegations in Paragraph 5 of the Complaint are denied.

6. Defendants admit that McDonald was an employee of Taunton in 2012 and is currently employed by Taunton. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

7. Defendants admit that Exhibit A attached to the Complaint purports to be a Certificate of Registration for VB.Net to C# Converter, Version 3.0 with a registration number TX 7-608-975, a registration date of August 9, 2012, and the copyright claimant listed as VBConversions LLC. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and, on that basis, deny such allegations.

8. Defendants admit that Exhibit B to the Complaint purports to be an "End User License Agreement for VBConversions Software." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis deny those allegations.

9. Defendants admit that Exhibit B to the Complaint states "VBC grants You a revocable, limited, non-transferable, non-exclusive license to use the Software Products." Defendants further admit that Exhibit B states "You may install and use one copy of the Software Product on a single computer, device, workstation, terminal, or other digital electronic or analog device ("Device")." Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

///


10. Defendants admit that Exhibit C purports to be a purchase receipt identifying Robert Nielson under "Purchaser Information", listing him under the registration name, providing a registration code of P0221-V0051-92PCS-FOB88-J9147, listing a purchase price of $199, listing a date of February 23, 2011, and a time of 11:38:59 am. Defendants admit that Nielson accessed the VBC website and affirmed an End User License Agreement for VBConversions' software. Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations of Paragraph 11 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis, deny those allegations.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny those allegations.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny those allegations.

16. Defendants lack sufficient information or knowledge as to what Plaintiff does or does not know or what Plaintiff intends or does not intend to do, and on that basis, deny such allegations, as well as the remaining allegations of Paragraph 16 of the Complaint.

17. Defendants admit that Taunton maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of Paragraph 17 of the Complaint.

## FIRST CLAIM FOR RELIEF

18. Defendants incorporate by reference their answers to the allegations in the Paragraphs above as though fully set forth herein.

19. Defendants admit that McDonald used a version of the VB.Net to C# Converter program bought by Taunton and affirmed an End User License Agreement

for VBConversions' software using a computer named "McDonaldJ." Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20.    Defendants admit that one of Taunton's many public internet protocol addresses is 97.107.168.7, McDonald's email address is JMcDonald@taunton.com, user name is "JMcDonald" and computer name is MCDONALDJ.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, on that basis, deny those allegations.

21.    Defendants deny the allegations of Paragraph 21 of the Complaint.

22.    Defendants admit that McDonald used a version of the VB.Net to C# Converter program bought by Taunton for a project entitled "AdvantageInterfaces." Defendants deny the remaining allegations of Paragraph 22 of the Complaint.

23.    Defendants admit that McDonald used a version of the VB.Net to C# Converter program bought by Taunton. Defendants deny the remaining allegations of Paragraph 23 of the Complaint.

24.    Defendants admit that McDonald used a version of the VB.Net to C# Converter program bought by Taunton. Defendants deny the remaining allegations of Paragraph 24 of the Complaint.

25.    Defendants admit that McDonald used a version of the VB.Net to C# Converter program bought by Taunton. Defendants deny the remaining allegations of Paragraph 25 of the Complaint.

26.    Defendants admit that Exhibit E purports to be a compilation of pages entitled "Proof of illegal registration." Defendants deny that "McDonald [was] "copying" at Version 3.01." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and, on that basis, deny those allegations.

27.    Defendants admit that McDonald accessed and used a version of the VB.Net to C# Converter program bought by Taunton for a project entitled

"AdvantageInterfaces" and "tpWSHRCommission." Defendants deny any remaining allegations in Paragraph 26[1] of the Complaint.

28. Defendants deny the allegations of Paragraph 27 of the Complaint.

## SECOND CLAIM FOR RELIEF

29. Defendants incorporate by reference their answers to the allegations in the Paragraphs above as though fully set forth herein.

30. Defendants admit that Nielson used a version of the VB.Net to C# Converter program bought by Taunton and affirmed an End User License Agreement for VBConversions Software. The remaining allegations in Paragraph 29 of the Complaint constitute legal conclusions as to which no answer is required. To the extent an answer is required, the allegations are denied.

31. Defendants deny the allegations of Paragraph 30 of the Complaint.

32. Defendants deny the allegations of Paragraph 31 of the Complaint.

## THIRD CLAIM FOR RELIEF

33. Defendants incorporate by reference their answers to the allegations in the Paragraphs above as though fully set forth herein.

34. Defendants admit that Taunton maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of Paragraph 33 of the Complaint.

35. Defendants deny the allegations of Paragraph 34 of the Complaint.

36. Defendants deny the allegations of Paragraph 35 of the Complaint.

## FOURTH CLAIM FOR RELIEF

37. Defendants incorporate by reference their answers to the allegations in the Paragraphs above as though fully set forth herein.

38. Defendants lack knowledge or information sufficient to from a belief as to the truth of the allegations in Paragraph 37 and, on that basis, deny those allegations.

---

[1] Plaintiff's Complaint has two consecutive paragraphs numbered 26.

39. Defendants lack knowledge or information sufficient to from a belief as to the truth of the allegations in Paragraph 38 and, on that basis, deny those allegations.

40. Defendants lack sufficient knowledge or information as to what Plaintiff "is informed and believes" and, on that basis, deny the allegations of Paragraph 39 of the Complaint.

41. Defendants deny the allegations of Paragraph 40 of the Complaint.

42. Defendants deny the allegations of Paragraph 41 of the Complaint.

## PRAYER FOR RELIEF

No answer is required to the allegations contained in Plaintiff's prayer for relief. To the extent a response is required, Defendants deny that they engaged in any of the alleged conduct and deny that Plaintiff is entitled to any of the relief that it seeks.

## AFFIRMATIVE DEFENSES

Without prejudice to their denial of the allegations in Plaintiff's Complaint, Defendants state as and for their Affirmative Defenses as follows:

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

On information and belief, Plaintiff's claims are barred for lack of subject matter jurisdiction because Plaintiff lacks valid copyright registrations for the intellectual property rights asserted, and has not properly or timely registered its works.

### Third Affirmative Defense

On information and belief, the alleged work that is the subject matter of this litigation is not original or creative.

///

///

### Fourth Affirmative Defense

On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and/or copyright misuse.

### Fifth Affirmative Defense

Plaintiff authorized, impliedly or explicitly, Defendants' allegedly infringing uses of the works it claims as copyrighted works; therefore Plaintiff's claims are barred, in whole or in part, by express license and the doctrines of implied license, consent or acquiescence.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants did not induce, cause and/or materially contribute to the alleged infringement, if any, with knowledge that such activities were infringing.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was in good faith, innocent and with non-willful intent, at all times.

### Eight Affirmative Defense

To the extent Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

### Ninth Affirmative Defense

The Copyright Act of 1976 does not permit Plaintiff to recover duplicative statutory damages.

### Tenth Affirmative Defense

Defendants presently have insufficient knowledge or information to form a belief as to whether additional affirmative defenses are available. Accordingly, Defendants hereby expressly reserve the right to assert additional affirmative defenses in the event that discovery indicates such defenses are appropriate.

///

///

1       **WHEREFORE**, Defendants respectfully request that this Court dismiss
2 Plaintiff's Complaint with prejudice, deny the relief sought by Plaintiffs, and enter a
3 judgment in favor of Defendants and against Plaintiff, together with Costs, Attorneys'
4 Fees and such other relief as the Court deems just and appropriate.

Dated:  August 28, 2015          FOX ROTHSCHILD LLP

                                             By  */s/ James E. Doroshow*
                                                    James E. Doroshow
                                                    Ashe Puri
                                                    Attorneys for Defendants,
                                                    THE TAUNTON PRESS, INC., ROBERT NIELSON, and JOE MCDONALD

## JURY DEMAND

Defendants The Taunton Press, Inc., Robert Nielson, and Joseph McDonald hereby request a trial by jury on all issues so triable.

Dated: August 28, 2015

FOX ROTHSCHILD LLP

By */s/ James E. Doroshow*
James E. Doroshow
Ashe Puri
Attorneys for Defendants,
THE TAUNTON PRESS, INC., ROBERT NIELSON, and JOE MCDONALD